UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH W. HAMMES, trustee for the bankruptcy estate of FDL, Inc., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Cause No. 1:07-cv-1573-WTL-JMS ) |
| STEPHEN H. STRIEBEL and JUDITH STRIEBEL, | ) ) ) |
| Defendants. | ) ) |

**ENTRY ON MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

This cause is before the Court on the Defendants' Motion for Partial Judgment on the Pleadings. The motion is fully briefed and the Court, being duly advised, **GRANTS IN PART AND DENIES IN PART** the motion for the reasons set forth below. In addition, the Court notes that it has not considered any materials outside of the pleadings in making this ruling, and therefore the Defendants' motion to strike the additional materials submitted by the Plaintiff in response to the instant motion is **DENIED AS MOOT**.

*Applicable Standard*

In reviewing a motion for judgment on the pleadings, the Court must apply the same standard that applies to a motion to dismiss under Rule 12(b)(6), and therefore must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and there is no need for detailed factual allegations. However, the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a

right to relief above the speculative level." *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *but see Supreme Laundry Service, L.L.C. v. Hartford Cas. Ins. Co.*, 521 F.3d 743, 746 (7th Cir. 2008) (citing pre-*Twombly* standard that motion for judgment on the pleadings may be granted "[o]nly when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved.").

*Factual Allegations*

FDL, Inc. ("FDL") filed for relief under Chapter 11 of the Bankruptcy Code in March 2006. The Chapter 11 proceeding was later converted to a proceeding under Chapter 7, and Plaintiff was appointed as the Chapter 7 Trustee. Defendant Stephen Striebel was the President, Director, and sole shareholder of FDL at the time it filed for bankruptcy protection. In his complaint in this adversarial proceeding, the Trustee alleges that, *inter alia*, Mr. Striebel "caused FDL to pay to him shareholder distributions which were far in excess of the company's earnings and ability to pay" in order to support his lavish lifestyle. The complaint further alleges that some of these funds were used by Mr. Striebel to purchase assets that are held jointly by him and his wife, Defendant Judith Striebel.

In Count I of his complaint, the Trustee alleges that these shareholder distributions and other payments that are described in the complaint (hereinafter referred to collectively as "the Payments") that were made within four years of FDL's bankruptcy filing are avoidable from Striebel and any subsequent transferees, including Mrs. Striebel, pursuant to 11 U.S.C. §544 and/or §550, and Indiana Code 32-18-2-14 & 17. In Count II, the Trustee alleges that the Payments that were made within one year of FDL's filing constitute fraudulent transfers and therefore are avoidable from Mr. Striebel and any subsequent transferees, including Mrs.

Striebel, pursuant to 11 U.S.C. § 548.  In Count III, the Trustee asserts that Mr. Striebel breached his fiduciary duty to FDL and failed to exercise due care in conducting FDL's business.  In Count IV, the Trustee seeks to pierce the corporate veil and hold Mr. Striebel personally liable for FDL's debts because he alleges that Mr. Striebel "manipulated FDL and essentially treated the corporation as merely a instrument for his own personal benefit, without regard for the interests of the corporation itself and its employees and creditors."  In Count V the Trustee seeks to void certain of the Payments and recover them from Mr. Striebel and any subsequent transferees, including Mrs. Striebel, as preferential payments pursuant to 11 U.S.C. § 547.  Finally, in Count VI the Trustee seeks treble damages pursuant to Indiana law.

*Discussion*

In the instant motion, the Defendants move for judgment on the pleadings in favor of Mrs. Striebel with regard to Counts I, II, and V, in favor of Mr. Striebel on Count IV, in favor of Mr. Striebel on the claim for treble damages in Count VI, and in favor of both Defendants on Counts II and V.  Each of their arguments is addressed, in turn, below.

*Counts I, II, and V as to Mrs. Striebel*

The Defendants seek judgment on the pleadings in favor of Mrs. Striebel with regard to Counts I, II, and V, because they allege that the complaint does not contain facts sufficient to put Mrs. Striebel on notice of the claims against her.  Specifically, the Defendants point out that the complaint does not identify which of Mrs. Striebel's assets the Trustee alleges Mr. Striebel purchased with the Payments.  Notice pleading does not require such specificity, however.  A plaintiff in federal court is required only to "describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests"; in addition, those allegations "must plausibly suggest that the plaintiff has a right to relief, raising the possibility

above a 'speculative level.'" *Equal Employment Opportunity Comm. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir.2007).[1]  In this case the complaint clearly puts Mrs. Striebel on notice that the Trustee alleges that some of the things that Mr. Striebel purchased with the Payments are jointly owned by the Striebels and that the Trustee is by this suit attempting via various statutory means to recover those assets or their value on behalf of the Estate.  Which, if any, of the assets owned by the Striebels fall into that category remains to be seen, but the Trustee is entitled to conduct discovery in order to flesh out those types of facts; he is not required to include that information in his complaint.  The Defendants also are incorrect that the Trustee was required specifically to allege that Mrs. Striebel had dominion or control over the assets at issue; as the Trustee notes, that is implicit in the allegation that she was a "transferee."   Finally, the Defendants' argument that the Trustee was required to plead that Mrs. Striebel failed to provide consideration for the assets is also without merit.  Under notice pleading, "it is not necessary to plead facts matching elements of legal theories."  *Christensen v. County of Boone, IL*, 483 F.3d 454, 466 (7th Cir. 2007).  Accordingly, the Defendants' motion for judgment on the pleadings on Counts I, II, and V as to Mrs. Striebel is **DENIED**.

*Count IV as to Mr. Striebel*

The Defendants argue that Mr. Striebel is entitled to judgment on the pleadings with regard to Count IV because a bankruptcy trustee may not assert a claim for piercing the corporate veil.  This argument is without merit, inasmuch as the Seventh Circuit has expressly

---

[1] The Defendants cite *State v. Osborne*, 42 N.E.921, 923 (Ind. 1896), as support for their proposition that the Trustee was required to plead Mrs. Striebel's lack of consideration.  That case is inapplicable to this one because the pleading requirements for this case are governed by federal, not state, law.  Further, inasmuch as *Osborne* was decided before the institution of modern notice pleading practices, it does not in any event accurately reflect current Indiana law on the subject.

4

recognized such a cause of action. *Steinberg v. Buczynski*, 40 F.3d 890 (7th Cir. 1994) ("We do not question the right of a trustee in bankruptcy to maintain a 'veil piercing' suit on behalf of the bankrupt corporation."); *Koch Refining v. Farmers Union Central Exchange*, 831 F.2d 1339, 1345 (7th Cir. 1987) ("We now find that, under . . . Indiana law . . . a bankruptcy trustee can bring an alter ego claim of action."). While it is true that a bankruptcy trustee does not have standing to bring a veil piercing suit on behalf of a particular creditor that has been injured by the failure to follow corporate formalities, *Steinberg*, 40 F.3d at 892, in this case the Trustee alleges that Mr. Striebel injured the corporation by using its assets for his own personal benefit. In such cases, the Trustee may maintain a veil piercing suit in order to recover those assets for the benefit of the corporation and all of its creditors. Therefore, the Defendants' motion for judgment on the pleadings as to Count IV of the complaint is **DENIED**.

*Treble Damages*

The Defendants argue that the Trustee is not entitled to treble damages, and the Trustee has agreed to withdraw that claim. Accordingly, the Defendants' motion for judgment on the pleadings as to VI of the complaint is **GRANTED**.

*Sufficiency of Allegations in Counts II and V*

Finally, the Defendants argue that Counts II and V must fail because the Trustee has failed to cite to 11 U.S.C. § 550(a) in conjunction with its claims in those counts. Notice pleading does not require such specificity, however. *See Aaron v. Mahl*, ___ F.3d ___, 2008 WL 5246030, at *5 (7th Cir. 2008) ("Under the notice pleading standard, of course, a complaint need not contain legal theories."). Accordingly, the Defendants' motion for judgment on the pleadings as to Counts II and V is **DENIED**.

*Conclusion*

For the reasons set forth above, the Defendants' motion for judgment on the pleadings is **GRANTED** with regard to Count VI of the complaint and **DENIED** in all other respects.

SO ORDERED:  12/23/2008

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Bruce D. Brattain
BRATTAIN & MINNIX
batmi5@aol.com

John M. Rogers
RUBIN & LEVIN PC
johnr@rubin-levin.net